JUSTICE TRIEWEILER
concurring in part and dissenting in part.
I concur with the majority’s conclusion that the District Court did not commit reversible error when it determined that there was no violation of the open meeting law on May 10,1995.1 also concur that the District Court did not abuse its discretion when it denied the Goyens’ petitions for writ of mandamus or writ of prohibition.
*224 I dissent from that part of the majority opinion which concludes there was no violation of the open meeting law on August 16, 1995, because of Crystal Denton’s privacy interest. I would conclude that someone who engages in voluntary acts of sexual intercourse in a police car with a police officer who is on duty, and then after the fact goes to a city council meeting to complain about the experience, has no reasonable expectation of privacy which society should be prepared to recognize, and therefore, that the second prong of the Hastetter test cannot be satisfied. Since there was no other basis for closing the city council’s meeting to the public, the city council violated the open meeting law when it did so.